IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALERIE HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-02535-S-BT |
| | § | |
| SPECIALIZED LOAN SERVICING LLC, | § | |
| | § | |
| Defendant and | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MACKEL HARRIS, | § | |
| | § | |
| Third-Party Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Third-Party Plaintiff Specialized Loan Servicing, LLC (SLS) filed a Motion for Default Judgement (ECF No. 11) against Third-Party Defendant Mackel Harris in this real estate foreclosure action. For the following reasons, the District Court should GRANT the Motion and enter a default judgment against Mackel Harris consistent with these Findings, Conclusions, and Recommendation.

**Background**

SLS filed its counterclaims against Plaintiff Valerie Harris and Mackel Harris on October 15, 2021, alleging that the Harrises defaulted on a note secured by a deed of trust that "plac[es] a lien on certain real property and improvements located in Dallas County" (the "property"). SLS's Countercl. 2-3 (ECF No. 2). SLS's

1

counterclaims include breach of contract and nonjudicial foreclosure. SLS served Mackel Harris with the summons and pleadings on November 3, 2021. Mackel Harris failed to file an answer or responsive pleading; indeed, he has failed to participate in the lawsuit in any way. *See* Fed. Civ. R. 12(a)(1)(B), 12(b). SLS filed its Motion for Default Judgment and for the clerk to enter default on December 3, 2021. Mot. (ECF No. 11). Specifically, regarding any part of the property owned by Mackel Harris, SLS asks the Court to declare that the deed of trust secures the outstanding balance of the note, prejudgment interest, post-judgment interest, court costs, and attorneys' fees determined by separate motion pursuant to Rule 54(d)(2)(B)(i) and that SLS may foreclose on the property.

The clerk filed an entry of default on December 6, 2021. (ECF No. 12). Mackel Harris failed to file a response to SLS's Motion. Therefore, the Court considers the Motion without the benefit of a response.

## Legal Standards

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). When a default has been entered, the factual allegations of the complaint are taken as true. *U.S. For Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981); *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Once default has been entered, the Court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b)(2). Whether to enter default judgment is within the sound discretion of the court. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) ("[T]he entry of default judgment is committed to the discretion of the district judge.")). "[A] 'party is not entitled to a default judgment as a matter of right, even where a defendant is technically in default.'" *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)); *accord Nat'l Cas. Co. v. KT2 LLC*, 2021 WL 1338221, at *2 (N.D. Tex. Apr. 8, 2021) (Brown, J.). To determine whether to enter default judgment, the Court conducts a two-part analysis.

First, the Court examines whether a default judgment is appropriate under the circumstances, considering: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the Court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citing 10 Charles Alan Wright et al., *Federal Practice and Procedure* § 2685 (2d ed. 1983)).

Second, the Court assesses the merits of a plaintiff's claims to determine whether a sufficient basis exists in the pleadings for the judgment. *See Nishimatsu Constr.*, 515 F.2d at 1206. Although a defendant may be in default, "[t]he defendant

3

is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* However, "the requisite threshold for pleading sufficiency is lower on a motion for default judgment than on a motion to dismiss." *Edmond v. Marathon Petroleum Co., LP*, 2021 WL 619503, at *7 (W.D. Tex. Feb. 17, 2021) (citing *Nishimatsu Constr.*, 515 F.2d at 1206).

## Analysis

The Court should grant SLS default judgment against Mackel Harris because default judgment is appropriate under the circumstances and a sufficient basis for the judgment exists in the pleadings.

First, default judgment is appropriate under the circumstances because the Court finds: (1) there exists no disputes of material fact because Mackel Harris did not file a responsive pleading; (2) there is no substantial prejudice since Mackel Harris failed to participate in these proceedings; (3) Mackel Harris's failure to participate in this litigation establishes the grounds for default; (4) there is no reason to believe Mackel Harris's failure to respond was caused by a good-faith mistake of excusable neglect since he was served five months ago; (5) the default judgment would not be unduly harsh because it would merely allow the remedies prescribed by the note and deed of trust executed by Mackel Harris; and (6) Mackel Harris's failure to respond indicates this Court would not be obliged to grant a motion from him to set aside a default judgment.

Second, a sufficient basis exists for the default judgment in the pleadings. Under Texas law, to foreclose under a security instrument with a power of sale, the

4

plaintiff must show that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16 § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration. *Wells Fargo Bank, N.A. v. Dixon*, 2021 WL 1250340, at *2 (N.D. Tex. Apr. 5, 2021) (Starr, J.) (citation omitted). Here, Mackel and Valerie Harris executed a note and deed of trust to secure real property. SLS's Exs. A (ECF No. 2-1) & B (ECF No. 2-2). This is sufficient to show that a debt exists and a lien was created. Moreover, Mackel and Valerie Harris failed to make payments as required and comply with the note, and SLS notified Mackel and Valerie Harris that they were in default and SLS intended to accelerate the debt. SLS's Countercl. 3; SLS's Exs. D (ECF No. 2-4), E (ECF No. 2-5), & F (ECF No. 2-6). Therefore, Mackel and Valerie Harris received adequate notice of default and acceleration under Texas law. Also, under Texas law, to establish a breach of contract, a plaintiff must show that: (1) a valid contract exists; (2) the plaintiff performed on its contractual obligations; (3) the defendant breached the contract; and (4) the defendant's breach damaged the plaintiff. Here, the note, deed of trust, and assignments are sufficient to show that a valid contract exists between the parties. *See* SLS's Ex. 1, 2, & 3 (ECF No. 2-3). SLS's predecessor completely performed under the terms of the note when it funded the property's purchase. *See* SLS's Countercl. 4 ¶ 11. And the Harrises breached the note and deed of trust when they defaulted, damaging SLS. *See id.* Accordingly, the pleadings contain a sufficient basis for judgment

5

against Mackel Harris on SLS's counterclaims for breach of contract and foreclosure.

## RECOMMENDATION

The Court should GRANT SLS's Motion (ECF No. 11) and enter default judgment in favor of SLS on all its counterclaims against Mackel Harris. And in the judgment, the Court should declare that the deed of trust secures any part of the outstanding balance of the note owed by Mackel Harris; that the deed of trust secures the pre- and post-judgment interest, court costs, and attorneys' fees determined by separate motion pursuant to Rule 54(d)(2)(B)(i) for pursuing its counterclaims against Mackel Harris; and that SLS may foreclose on any part of the property owned by Mackel Harris.

**SO RECOMMENDED.**

May 4, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).